United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VINTAGE 99 LABEL MFG., INC.,

Plaintiff,

v.

BRIAN LLOYD, et al.,

Defendants.

Case No. 26-cv-07303-JST

**ORDER DENYING EX PARTE MOTION FOR A TEMPORARY RESTRIANING ORDER, ORDER PRESERVING EVIDENCE, AND INTERIM PROTECTIVE ORDER; ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION**

Re: ECF No. 4

Before the Court is Plaintiff Vintage 99 Label Mfg., Inc.'s ("Vintage 99") motion for an ex parte temporary restraining order, an order preserving evidence, and an interim protective order. ECF No. 4. The Court will deny the motions but order Defendants to show cause why they should not be preliminarily enjoined pending resolution of this action.

## I. BACKGROUND

Vintage 99 is a wine-label manufacturer and printer based in California. ECF No. 1 ¶ 1. It brings this trade secret action against Defendants Brian Lloyd, Robert Whitham Jr., Ryan F. Casey, Sticky Holdings California LLC d/b/a Customizable and Sticky Holding LLC d/b/a Customizable (collectively "Customizable"), and RBG Plastic, LLC d/b/a Restaurantware ("Restaurantware"). Lloyd was formerly Vintage 99's Chief Marketing Officer; Whitham one of its Sales Account Executives. Vintage 99 alleges that Lloyd and Whitham took trade secret materials from Vintage 99 employees when they were hired by Vintage 99's competitor, Customizable, and have been using them improperly to compete for Vintage 99's customers. It alleges that Lloyd and Whitham have violated the trade secret laws and breached their contractual confidentiality and nondisclosure obligations to Vintage 99.

Vintage 99 filed this action on July 16, 2026 and asserts claims for: (1) violation 18 U.S.C. § 1836, the Defend Trade Secret Act ("DTSA") (2) violation of California Civil Code § 3426 *et seq.*, the California Uniform Trade Secrets Act ("CUTSA"); (3) breach of contract; (4) breach of fiduciary duty; (5) breach of duty of loyalty; (6) conversion; (7) intention interference with contractual relations; (8) intentional interference with prospective economic advantage; (9) aiding and abetting breach of fiduciary duty; (10) trade libel; (11) violation of California Business & Professions Code 17200 *et seq.*, the California Unfair Competition Law ("UCL"); and (12) civil conspiracy. *Id.* ¶¶ 251–421. Vintage 99 also filed an ex parte application seeking a temporary restraining order against Defendant that would "(i) restrain Defendants from using, disclosing, or transmitting Vintage 99's trade secrets and confidential information; (ii) direct the return of such materials and of the access code to Lloyd's returned Vintage 99 telephone; (iii) restrain Lloyd and Whitham— for the pendency of this action and subject to carve-outs—from soliciting the customers reflected in the 2026 Vintage 99 sales forecasts through the use of misappropriated information; and (iv) authorize limited expedited discovery, including a forensic examination to commence only after the hearing on the order to show cause." ECF No. 4 at 2. Vintage 99 also seeks the entry of a proposed order preserving evidence and an interim protective order. *Id.*

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

## III. LEGAL STANDARD

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

To grant preliminary injunctive relief, a court must find that "a certain threshold showing [has been] made on each factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per

curiam). As to the first factor, a plaintiff is "not required to prove their claim but only must show that they [are] likely to succeed on the merits." *Glossip v. Gross*, 135 S.Ct. 2726, 2792 (2015). The Ninth Circuit employs a "sliding scale" approach to the four factors relevant to preliminary injunctive relief. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under the sliding scale approach, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

In addition, a movant seeking the issuance of an *ex parte* TRO must satisfy Federal Rule of Civil Procedure 65(b), which requires that "specific facts . . . clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and certification of "efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

"Federal courts have the implied or inherent power to issue preservation orders as part of their general authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. Because of their very potency, inherent powers must be exercised with restraint and discretion." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1071 (C.D. Cal. 2009) (internal quotation marks omitted) (quoting *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 135-36 (2004); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). Orders to preserve evidence should not issue if the party seeking the order "has presented absolutely no evidence that any relevant information has been lost or destroyed," *id.*, or if the party "has demonstrated neither that evidence has been lost nor that the steps [the opposing party] has now taken are inadequate to preserve existing documents," *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 372 (S.D.N.Y. 2006).

## IV. DISCUSSION

The Court finds that Vintage 99 has made a sufficient showing of the *Winter* factors. The Court also finds, however, that the delay between Vintage 99's discovery of defendants' conduct and their application for a temporary restraining order counsels against the issuance of an order before Defendants can be heard in opposition. Vintage terminated Lloyd on February 25, 2026.

Lloyd refused to provide the unlock code when he returned his company phone. He also refused to return his 2026 Sales Forecast, which Vintage 99 alleges is a valuable trade secret. On March 11, 2026, a representative of Balestrieri Family Farm left Vintage 99 a voicemail stating that Lloyd had called her, told her he had moved to a different company, and proposed a meeting to discuss "like pricing." Also in March 2026, Vintage learned that Lloyd had contacted its customer Old Sound Vineyard. Vintage called Old Sound about its pending reorder in Vintage's 2026 sales forecast. Old Sound was then using Vintage 99's Pristine label paper, and on the call, the Old Sound representative asked about substituting a different paper. Vintage's CEO "immediately suspected that Lloyd was trying to move Old Sound off [Vintage 99's] Pristine paper to a substitute he could supply, at a lower price." ECF

On March 12, 2026, Vintage 99 sent demand letters to Lloyd and Customizable's Chief Executive Officer, Casey, demanding that Lloyd stop contacting Vintage 99's customers. On March 26, 2026, Defendant Restaurantware's lawyer wrote back that Lloyd would continue working for them and denied any wrongdoing.

On April 2, 2026, Vintage 99 received communications from Cormorant Cellars that were intended for Lloyd seeking label proofs, which was followed by Cormorant informing Vintage 99 on April 14, 2026 that it had decided to use a different printer. Vintage 99 heard from multiple customers as early as May 22, 2026 that its customers were being siphoned off by Lloyd and his new employers.

Notwithstanding the foregoing, Vintage 99 first sought relief from this Court on July 16, 2026. ECF No. 1. "Parties facing the threat of immediate and irreparable harm generally seek a temporary restraining order as quickly as possible." *Lee v. Haj*, No. 1:16-cv-00008-DAD-SAB, 2016 WL 8738428, at *2 (E.D. Cal. Feb. 22, 2016). "A plaintiff's delay in seeking relief weighs against granting a TRO or preliminary injunction." *Perez v. City of Petaluma*, No. 21-cv-06190-JST, 2021 WL 3934327, at *1 (N.D. Cal. Aug. 13, 2021); *Dahl v. Swift Distrib., Inc.*, No. CV 10-00551 SJO (RZx), 2010 WL 1458957, at *4 (C.D. Cal. Apr. 1, 2010) (concluding that an 18-day delay "implies a lack of urgency and irreparable harm"). While the Court appreciates Vintage 99's arguments that it waited until the harm "ripen[ed] incrementally from isolated and potential to

systematic and demonstrated," the fact is that by April 2026 it (1) was aware of the basis of its claims; (2) had suffered concrete injury; and (3) was told by Lloyd and Customizable's attorney that they believed their conduct was lawful and intended to continue it. The Court therefore denies Vintage 99's request for a TRO and for expedited discovery.

Vintage 99 also moves for the entry of an interim protective order and an order preventing destruction of evidence. The only alleged instances of evidence destruction occurred prior to Whitham and Lloyd returning their devices and there is no evidence of ongoing evidence destruction. ECF No. 4-11 ¶¶ 3–8; ECF No. 4-11 ¶¶ 3–8. Accordingly, the Court will deny the request. However, Defendants are reminded that they "ha[ve] a duty to preserve evidence when [they] know[] or reasonably should know the evidence is potentially relevant to litigation and when the destruction of that evidence prejudices the opposing party." *Maui Elec. Co. v. Chromalloy Gas Turbine, LLC*, No. CV 12-00486 SOM-BMK, 2015 WL 12747945, at *2 (D. Haw. May 29, 2015); *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002) (quoting *Akiona v. United States,* 938 F.2d 158, 161(9th Cir.1991)). ("Defendants engage in spoliation of documents . . . if they had 'some notice that the documents were potentially relevant" to the litigation before they were destroyed.'"). Defendants received such notice when they were informed about this litigation by Plaintiff's counsel.

**CONCLUSION**

For the reasons set forth above, the Court denies the motion for a temporary restraining order. Based on Plaintiffs' showing, however, Defendants are ordered to show cause why they should not be preliminarily enjoined as follows:

1. From using, disclosing, or transmitting the Vintage 99 trade secrets and confidential information identified in the California Code of Civil Procedure section 2019.210 identification at ECF No. 4-14, namely, the 2026 Vintage 99 sales forecasts prepared by Lloyd and Whitham and the associated multi-year historical sales data; the prior-year Vintage 99 sales forecasts; Vintage 99's confidential supplier-side information, including the Pristine supply arrangement; Vintage 99's proprietary production methods and process knowledge; the compiled customer-account information; and the tradeshow and other potential customer lead lists,

including Vintage 99's filtered and annotated lists.

2. From failing to return to Vintage 99's counsel, within 48 hours of the issuance of a preliminary injunction, all Vintage 99 trade secrets, confidential information, and other Vintage 99 materials, and all copies thereof, in their possession, custody, or control, and failing to provide the access code to Lloyd's Vintage 99 cell phone.

3. As to Defendants Lloyd and Witham, from initiating contact with any Vintage 99 customer reflected in the 2026 Vintage 99 sales forecasts prepared or maintained by Lloyd or Whitham for the purpose of encouraging, inviting, or requesting the transfer of that customer's business from Vintage 99 through the use of Vintage 99's misappropriated trade-secret or confidential information; provided that nothing in this paragraph prohibits Lloyd or Whitham from (a) responding to a customer who first initiates contact, (b) continuing to perform for customers already under contract with Customizable, or (c) engaging in marketing efforts directed at the market as a whole, such as attending trade shows and posting general advertisements. This paragraph does not apply to Defendants other than Lloyd or Whitham except to the extent they act with or through the direct or indirect involvement of Lloyd or Whitham.

A hearing on this order to show cause will be held on August 5, 2026 at 9:30 a.m. Vintage 99 shall serve this order on Defendants forthwith. Defendants' opposition shall be filed no later than July 24, 2026. Vintage 99's reply is due July 29, 2026. The parties shall also meet and confer and, by July 29, 2026, present a joint proposal or competing proposals for an expedited discovery schedule, a protective order, and an evidence preservation order, should such become necessary.

Subject to the Court's availability, the parties may stipulate to modify the briefing and hearing schedule. Plaintiffs' requests for expedited discovery, a protective  are denied without prejudice.

**IT IS SO ORDERED.**

Dated: July 17, 2026

JON S. TIGAR
United States District Judge