United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VINTAGE 99 LABEL MFG., INC.,
Plaintiff,

v.

BRIAN LLOYD, et al.,
Defendants.

Case No. 26-cv-07303-JST

**ORDER REGARDING COMPETING PROPOSALS FOR A PROTECTIVE ORDER, EVIDENCE PRESERVATION ORDER, AND EXPEDITED DISCOVERY SCHEDULE**

Re: ECF No. 71, 72

Before the Court are the parties' competing proposals for a protective order, evidence preservation order, and expedited discovery schedule. The Court will enter Defendants' proposed protective order, deny Plaintiff's request for an evidence preservation order, and grant Defendants' request that the Rule 26(f) report be filed by the deadline set by the Federal Rules of Civil Procedure.

First, on the protective order. Plaintiff's proposed order is modeled on the Northern District of California's model protective order for trade secrets with one modification to remove the "Highly Confidential – Source Code" tier, since there is no source code at issue, and replacing that designation with a "Highly Confidential – Outside Attorneys' Eyes Only" tier that can be applied to all forms of discovery. ECF No. 71 at 2–3. Defendants oppose the request because (1) Plaintiff states that it does not know if it will ever use the designation and (2) if there are any materials that need to be designated "Outside Attorneys' Eyes Only," that dispute can be resolved on an individual basis at a later stage. ECF No. 72 at 3. The only reason Plaintiff gives for this additional designation is that "[w]ith the tier available, Vintage 99 can produce sensitive material immediately" and that without the tier "the dispute [about whether something is to be produced Outside Attorneys' Eyes Only] is simply relocated to *before* production." ECF No. 71 at 3

(emphasis in original). Given that Plaintiff has not identified any documents currently in its possession that require this designation, however, there currently is no basis for it. Accordingly, the Court will enter Defendants' proposed protective order. Within seven days of this order, the parties shall jointly submit a copy of Plaintiff's proposed protective order deleting the Outside Attorneys' Eyes Only designation.[1]

Second, on the evidence preservation order. The Court has the authority to order parties to preserve evidence by issuing preservation orders in circumstances where such orders are appropriate. *Martin v. Johnson*, No. 2:20-CV-11342-SB-SHK, 2022 WL 17224707, at *1 (C.D. Cal. Jan. 19, 2022). "The factors courts consider when determining whether to issue a preservation order include: '(1) whether Plaintiffs can demonstrate that Defendants will destroy necessary [evidence] without a preservation order; (2) whether Plaintiffs will suffer irreparable harm if a preservation order is not entered; and (3) the burden imposed upon the parties by granting a preservation order.'" *Id.* (quoting *In re Afr.-Am. Slave Descendants' Litig.*, No. 02 C 7764, 2003 WL 24085346, at *2 (N.D. Ill. July 15, 2003)). As the Court noted in its temporary restraining order, an order to preserve evidence should not be issued when there is no evidence that the relevant information has been destroyed or lost or that the steps taken by the non-movant to preserve existing documents are inadequate. ECF No. 12 at 3 (citing *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 372 (S.D.N.Y. 2006)). Plaintiff seeks forensic preservation of devices that are mostly in its possession and now appends to the proposed evidence protection order proposal the Court previously denied a "category of material that presents precisely the risk of imminent and irreversible loss." Plaintiff argues that this addition necessitates the evidence preservation order because it is concerned that some iCloud backups of deleted files may be reaching the end of their retention periods and the Apple accounts need to be imaged immediately. ECF No. 71 at 3–4. The remains, however, "no evidence of ongoing evidence destruction," ECF No. 12. Plaintiff's request is denied.

Third, on the expedited discovery schedule. Plaintiff asks that parties "file their joint

[1] Defendants did not submit a separate proposed protective order, and the only disagreement they identify with Plaintiff's proposed order is the Outside Attorneys' Eyes Only designation.

report under Federal Rule of Civil Procedure 26(f) by the earlier of the otherwise-applicable deadline or two weeks after the Court's ruling on the preliminary injunction." ECF No. 71 at 4. As there is no justification for the 26(f) report to be tied to this Court's ruling on the preliminary injunction, the Court will deny this request. The 26(f) report shall remains due within 14 days after the 26(f) conference as required by the Federal Rules. Fed. R. Civ. P. 26(f)(2).

**IT IS SO ORDERED.**

Dated: October 20, 2026

JON S. TIGAR
United States District Judge

United States District Court
Northern District of California